**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| BILLY McCARTHY (p/k/a BILLY DIOR), an individual, and JAMES STONICH (p/k/a JIMMY VAYNE), an individual, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. |
| BRUCE ANTHONY JOHANNESSON (p/k/a C.C. DeVILLE), an individual, BRET MICHAEL SYCHAK (p/k/a BRET MICHAELS), an individual, ROBERT HARRY KUYKENDALL (p/k/a BOBBY DALL), an individual, RICHARD ALLAN REAM (p/k/a RIKKI ROCKETT), an individual, SWEET CYANIDE MUSIC, INC., a California corporation, CAPITOL RECORDS, INC., a Delaware corporation, and EMI MUSIC MARKETING, a business organization, form unknown, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | PLAINTIFFS DEMAND TRIAL BY JURY |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs, BILLY McCARTHY (p/k/a BILLY DIOR) and JAMES STONICH (p/k/a JIMMY VAYNE) (collectively referred to as "Plaintiffs"), by and through their attorney, Daniel J. Voelker of the Voelker Litigation Group, complain against Defendants, BRUCE ANTHONY JOHANNESSON (p/k/a C.C. DeVILLE), BRET MICHAEL SYCHAK (p/k/a BRET MICHAELS), ROBERT HARRY KUYKENDALL (p/k/a BOBBY DALL), RICHARD ALLAN REAM (p/k/a RIKKI ROCKETT) (collectively p/k/a the band "Poison"), SWEET CYANIDE MUSIC, INC., CAPITOL RECORDS, INC., and EMI MUSIC MARKETING, as follows:

## I. JURISDICTION AND VENUE

1.     This action is brought, and subject matter jurisdiction lies within this Court, pursuant to 28 U.S.C. Sections 1331 and 1338.  This Court has federal question jurisdiction in this matter in that Plaintiffs seek damages and injunctive relief against Defendants named herein under Sections 501 through 505 of the Copyright Act of 1976, 17 U.S.C. § 101 et seq.  The Court has pendent jurisdiction over any claims asserted herein which arise under state law, including, without limitation, claims seeking the imposition of a constructive trust and the performance of an accounting, in that such claims flow from a common nucleus of operative facts.

2.     Venue lies within this Court pursuant to 28 U.S.C. Sections 1391(b)(2)-(3), 1391(c), 1391(d), and 1400(a) in that a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in this District.  In particular, on information and belief, the corporate Defendants, Sweet Cyanide Music, Inc., Capitol Records, Inc. and EMI Music Marketing, among other things, carried (and carry) out substantial, ongoing business activities in this District, and hence are subject to personal jurisdiction and reside for venue purposes in this District, and a substantial part of Defendants' acts and omissions in exploiting the musical compositions at issue that give rise to Plaintiffs' claims for copyright infringement and under the Lanham Act occurred in this District as well.

## II. PARTIES

3.     Plaintiff, Billy McCarthy (p/k/a Billy Dior) ("McCarthy"), is an individual who resides in the County of Cook, Illinois.

4.     Plaintiff, James Stonich (p/k/a Jimmy Vayne) ("Stonich"), is an individual who resides in the County of Los Angeles, California.  Stonich and McCarthy were members of the band known as "Kid Rocker."

5. On information and belief, Defendant, Bruce Anthony Johannesson (p/k/a C.C. DeVille) ("DeVille"), is, and at all times relevant hereto was, an individual residing in the County of Orange, California.

6. On information and belief, Defendant, Bret Michael Sychak (p/k/a Bret Michaels) ("Michaels"), is, and at all times relevant hereto was, an individual residing in the County of Maricopa, Arizona.

7. On information and belief, Defendant, Robert Harry Kuykendall (p/k/a Bobby Dall) ("Dall"), is, and at all times relevant hereto was, an individual residing in the County of Brevard, Florida.

8. On information and belief, Defendant, Richard Allan Ream (p/k/a Rikki Rockett) ("Rockett"), is, and at all times relevant hereto was, an individual residing in the County of Los Angeles, California.

9. Defendants, DeVille, Michaels, Dall and Rockett (sometimes collectively referred to as "Poison"), are individuals who, for the past twenty-five (25) years, have done, and consistently do, business as a musical performing, writing, and recording group under the name "Poison."

10. Defendant, Sweet Cyanide Music, Inc. ("Sweet Cyanide"), is a corporation organized and existing under the laws of the State of California, with its principal place of business located in Los Angeles, California. At all times relevant hereto, Sweet Cyanide furnished the services and monitored royalty payments to the members of the band Poison.

11. Defendant, Capitol Records, Inc. ("Capitol"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in

Hollywood, California. On information and belief, Capitol is a record label presently owned by the EMI Group.

12.     On information and belief, Defendant, EMI Music Marketing ("EMI"), is a business organization, form unknown, with its principal place of business located in Los Angeles, California.

13.     Defendants, Poison, Sweet Cyanide, Capitol and EMI, are sometimes collectively referred to herein as "Defendants."

### III.  FACTS COMMON TO ALL CLAIMS

14.     Plaintiffs are, both individually and collectively, former Atlantic Recording Artists and Creative Artist Agency clients. Plaintiffs have achieved significant success in their musical careers, including having released two worldwide albums and touring worldwide.

15.     Plaintiffs are also two highly-respected songwriters, arrangers, and producers of the past two decades. Plaintiffs are published music writers and motion picture song producers, record producers, and songwriters.

16.     At all material times herein, Plaintiffs are and were the owners, publishers, and/or administrators of copyrights in and for certain musical compositions and exploited such copyrights through various licenses for use of the compositions in audio and video recordings and public performances, among other things, including those broadcast on radio, telecast on television, and captured in recordings sold at retail, worldwide, in the United States, and within this District.

17.     In the early 1980s, Plaintiffs founded the Chicago band known as "Kid Rocker." Shortly after relocating from Chicago to Hollywood, California, Kid Rocker evolved into a top-

tier pop-rock band and, from 1981 to 1984, showcased on Los Angeles rock radio and became a favorite on the Hollywood live club scene.

18.     While members of the band Kid Rocker, Stonich and McCarthy created, composed, authored and wrote dozens of original musical compositions.  In approximately 1983, while members of Kid Rocker, Stonich and McCarthy created, composed, authored, and wrote the original musical composition entitled "Hit and Run," which consists wholly of original material.  "Hit and Run" was and is copyrightable matter under the laws of the United States.  The application for the copyright registration of "Hit and Run" was filed with the U.S. Copyright Office on October 19, 2011.

19.     In approximately 1983, while members of the band Kid Rocker, Stonich and McCarthy also created, composed, authored and wrote the original musical composition entitled "Wham Bam Slammin' Romance," which consists wholly of original material.  "Wham Bam Slammin' Romance" was and is copyrightable matter under the laws of the United States.  The application for the copyright registration of "Wham Bam Slammin' Romance" was filed with the U.S. Copyright Office on October 19, 2011.

20.     In approximately 1983, the band Kid Rocker recorded studio versions of original songs including, but not limited to, "Hit and Run" and "Wham Bam Slammin' Romance."

21.     In early 1984, DeVille auditioned as guitarist for the band Kid Rocker.  To allow DeVille to prepare for the audition, Kid Rocker rehearsed with DeVille.  During that time, DeVille was shown completed and formatted songs and arrangements from the Kid Rocker song library.  Additionally, to further help DeVille prepare for the audition, Kid Rocker lent to DeVille master recorded studio tapes and working tapes that contain, amongst others, the songs "Hit and Run" and "Wham Bam Slammin' Romance."

22.     At no time has DeVille returned the master recorded studio tapes and/or working tapes lent to him by Kid Rocker.

23.     In approximately 1984, after the disbandment of Kid Rocker, McCarthy and DeVille formed a band known as "Screamin' Mimi's."  As members of Screamin' Mimi's, DeVille and McCarthy jointly created the original musical composition entitled "Talk Dirty to Me," which consists wholly of original material.  "Talk Dirty to Me" was and is copyrightable matter under the laws of the United States.

24.     In approximately 1984, McCarthy created, composed, authored and wrote the original musical composition entitled "Rock Ain't Pretty Buddy," which consists wholly of original material.  "Rock Ain't Pretty Buddy" was and is copyrightable matter under the laws of the United States.  McCarthy later presented the song "Rock Ain't Pretty Buddy" to DeVille and fellow band members of Screamin' Mimi's for performance by Screamin' Mimi's.

25.     McCarthy filed the application for the copyright registration of "Rock Ain't Pretty Buddy" with the U.S. Copyright Office on September 24, 2011.

26.     Poison is an immensely successful musical group that has recorded numerous Top Forty (40) hit songs and has achieved global stardom over the past twenty-five (25) years.

27.     Defendant, Capitol, is a company based in Los Angeles, California, that is in the business of distributing and exploiting musical sound recordings, including sound recordings created by the band, Poison, an artist formerly on the Capitol label.

28.     Defendant, Sweet Cyanide, is a company based in Los Angeles, California, that is in the business of distributing and exploiting musical sound recordings, including sound recordings created by the band Poison, an artist on the Sweet Cyanide label.

29.     On information and belief, in or about 1986, Poison began working on its first album, "Look What the Cat Dragged In." The album was released on August 2, 1986, on Enigma Records (whose rights to the album "Look What the Cat Dragged In" are, on information and belief, owned by Capitol as successor-in-interest). The album, "Look What the Cat Dragged In," initially contained only one single, "Cry Tough," and sold a mere 15,000 to 20,000 copies.

30.     In approximately November of 1986, Poison shot the music video for the song "Talk Dirty to Me" as a last attempt to propel album sales and save the band from being dropped by Enigma Records.

31.     During the first week of its release, the video for "Talk Dirty to Me" was played in regular rotation by MTV. Due to its instant popularity, MTV then placed the video for "Talk Dirty to Me" in heavy rotation. Within three weeks of the release of the video for "Talk Dirty to Me," the album "Look What the Cat Dragged In" sold approximately one million units.

32.     Poison then released the video for the song "I Won't Forget You" as a follow-up single to "Talk Dirty to Me." "I Won't Forget You" was the third music video on Poison's debut album "Look What the Cat Dragged In." Both songs "Talk Dirty to Me" and "I Won't Forget You" became smash hits, topped various airplay and sales charts, and catapulted Poison's career. Although the album "Look What the Cat Dragged In" initially sold only 15,000 to 20,000 units, after the singles "Talk Dirty to Me" and "I Won't Forget You" were released, Poison's debut album "Look What the Cat Dragged In" ultimately sold approximately four (4) million records worldwide.

33.     On information and belief, each member of Poison was aware of, participated in, and contributed to the exploitation of the musical compositions, "Talk Dirty to Me" and "I Won't

Forget You" in the United States of America, and including in this District, through sales of albums, CDs, digital downloads, radio and television airplay, and otherwise. On information and belief, Defendants have earned millions of dollars in revenues through their exploitation of "Talk Dirty to Me" and "I Won't Forget You" and continue to actively exploit those works worldwide through sales of CDs, radio and television airplay, and otherwise.

34.     On information and belief, Poison copied and incorporated substantial, original portions of McCarthy and DeVille's song "Talk Dirty to Me" in Poison's musical composition and sound recording, "Talk Dirty to Me." There is nearly identical similarity between the two works due to Poison's copying.

35.     On information and belief, on March 1, 1986, Sweet Cyanide Music copyrighted the musical composition entitled "Talk Dirty to Me." The Certificate of Registration for "Talk Dirty to Me" is identified as "PA0000322917 /1987-03-19." The authorship on the application for words and music lists Michaels, DeVille, Dall and Rockett.

36.     At all relevant times, however, DeVille has acknowledged McCarthy's joint ownership in the song "Talk Dirty to Me."

37.     From 1987 to 1991, McCarthy and Poison shared the same music attorneys from Zifferen Brittanham and Branca. At no point, however, did any attorney from Zifferen Brittanham and Branca ever advise or communicate to McCarthy that DeVille or Poison refused to pay to McCarthy any portion of DeVille's earnings from "Talk Dirty to Me."

38.     In a 1993 radio interview conducted by McCarthy of DeVille, DeVille stated to McCarthy, "You should have been paid something, Billy [McCarthy], for that first album ['Look What the Cat Dragged In'], you should have made some money." In the same interview, DeVille then goes on to confirm that he and McCarthy played together in a band called

8

"Screamin' Mimi's," that "there are tapes of us playing 'Talk Dirty to Me,'" and that Screamin' Mimi's was a "great band."

39.     Again, on or about July 3, 2001, while Poison was in Chicago on their Glam, Slam, Metal Jam Tour, DeVille acknowledged McCarthy's contribution to the song "Talk Dirty to Me" and, according to one well-known artist present, promised to "wet [McCarthy's] beak," meaning to pay McCarthy for his joint ownership.  The same artist then communicated DeVille's acknowledgment of McCarthy's contribution to "Talk Dirty to Me" to McCarthy.

40.     On information and belief, Poison also copied and incorporated substantial, original portions of McCarthy's composition "Rock Ain't Pretty Buddy," in Poison's musical composition and sound recording, "I Won't Forget You."  There are substantial similarities between the two works due to Poison's copying.

41.     On information and belief, in or about 1988, Poison began working on its second album, "Open Up and Say…Ahh!"  The album was released worldwide on May 21, 1988, including in North America on Capitol.  The album peaked at # 2 on the American charts, included the hit song "Fallen Angel," and went on to sell approximately eight (8) million copies worldwide.

42.     On information and belief, Poison copied and incorporated substantial, original portions of Stonich and McCarthy's songs "Hit and Run" and "Wham Bam Slammin' Romance," in Poison's musical composition and sound recording, "Fallen Angel."  There are substantial similarities between the Kid Rocker's songs "Hit and Run" and "Wham Bam Slammin' Romance" and the song "Fallen Angel" due to Poison's copying.

43.     On information and belief, in or about 1990, Poison began working on its third album, "Flesh & Blood."  The album was released worldwide on June 21, 1990.  The album also

peaked at # 2 on the American charts, included the hit song "Ride the Wind," and went on to sell more than seven (7) million copies worldwide.

44.     On information and belief, Poison again copied and incorporated substantial, original portions of Stonich and McCarthy's song "Hit and Run" in Poison's musical composition and recording, "Ride the Wind." There are substantial similarities between the Kid Rocker song "Hit and Run" and the song "Ride the Wind" due to Poison's copying.

45.     Michaels, Dall and Rocket never sought or obtained McCarthy's permission to copy, duplicate, perform or otherwise use DeVille and McCarthy's musical composition "Talk Dirty to Me" in Poison's composition and sound recording of "Talk Dirty to Me," and Poison never sought or obtained Plaintiffs' permission to copy, duplicate, perform or otherwise use Plaintiffs' musical compositions "Rock Ain't Pretty Buddy," "Hit and Run," or "Wham Bam Slammin' Romance" in Poison's compositions and sound recordings of "I Won't Forget You," "Fallen Angel," and "Ride the Wind," or at all.

46.     Michaels, Dall and Rockett's copying, duplication, use, performance, and exploitation of "Talk Dirty to Me," in Poison's composition and sound recording of "Talk Dirty to Me" constitute infringement of DeVille and McCarthy's copyright in the composition "Talk Dirty to Me."

47.     Poison's copying, duplication, use, performance, and exploitation of "Rock Ain't Pretty Buddy," in its composition and sound recording of "I Won't Forget You" constitute infringement of McCarthy's copyright in the composition "Rock Ain't Pretty Buddy."

48.     Poison's copying, duplication, use, performance, and exploitation of the Kid Rocker songs "Hit and Run" and "Wham Bam Slammin' Romance" in its composition and

sound recording of "Fallen Angel" constitute infringement of Plaintiffs' copyrights in the compositions "Hit and Run" and "Wham Bam Slammin' Romance."

49.     Poison's copying, duplication, use, performance, and exploitation of the Kid Rocker song "Hit and Run" in its composition and sound recording of "Ride the Wind" constitute infringement of Plaintiffs' copyright in the composition "Hit and Run."

50.     Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiffs' copyrights.   At a minimum, Defendants acted in reckless disregard of Plaintiffs' copyrights.

51.     On information and belief, each and all of Defendants earned and received tens of millions of dollars and other valuable benefits and consideration from their copying and use of DeVille and McCarthy's song "Talk Dirty to Me," McCarthy's song "Rock Ain't Pretty Buddy," and the Kid Rocker songs "Hit and Run" and "Wham Bam Slammin' Romance" in Poison's musical compositions and sound recordings of "Talk Dirty to Me," "I Won't Forget You" "Fallen Angel" and "Ride the Wind" and in any other uses that may have been made thereof or authorized by Defendants.

## COUNT I
## (COPYRIGHT INFRINGEMENT AS TO "TALK DIRTY TO ME" – AGAINST MICHAELS, DALL AND ROCKETT)

52.     Plaintiffs repeat and reallege Paragraphs 1 through 51 as Paragraph 52 of Count I of the Complaint as though fully set forth herein.

53.     McCarthy is, and at all materials times hereto has been, a joint owner of the copyright in the musical composition "Talk Dirty to Me" with DeVille.   As such, McCarthy is entitled and authorized to protect his composition against copyright infringement, including the enforcement of copyright actions.

54. DeVille and McCarthy jointly created the original musical composition entitled "Talk Dirty to Me" long before DeVille became a member of the band Poison.

55. Michaels, Dall and Rockett did not contribute any original work to the musical composition "Talk Dirty to Me," jointly created by DeVille and McCarthy.

56. However, on information and belief, since at least 1986, Michaels, Dall and Rockett infringed, and are continuing to infringe upon DeVille and McCarthy's copyright in the composition "Talk Dirty to Me," including by copying, reproducing, preparing, causing, contributing to, and participating in the unauthorized copying, reproduction, and use of the musical composition "Talk Dirty to Me" in Poison's composition and sound recording of "Talk Dirty to Me" and causing the same to be publicly distributed in retail stores, on the internet, by digital download, through radio and television airplay, and otherwise, including in this District.

57. McCarthy did not authorize Michaels, Dall or Rockett, to copy, reproduce, perform or use the composition "Talk Dirty to Me" in Poison's composition or sound recording "Talk Dirty to Me," or at all. Defendants did not seek or obtain any permission, consent or license from McCarthy for the copying, reproduction, performance or use of the composition "Talk Dirty to Me" in the composition or sound recording, "Talk Dirty to Me," or in any uses thereof that were made or authorized by Michaels, Dall or Rockett, or at all.

58. Upon information and belief, DeVille has never granted an assignment or license to Michaels, Dall or Rockett, to copy, reproduce, perform or use the composition "Talk Dirty to Me" in the composition or sound recording, "Talk Dirty to Me," or in any uses thereof that were made or authorized by Michaels, Dall or Rockett, or at all.

59. Furthermore, upon information and belief, in 1991, DeVille was fired as guitarist from Poison. However, upon information and belief, from 1991 through 1996, when DeVille re-

joined Poison as guitarist, Michaels, Dall and Rockett continued to copy, reproduce, perform and use the composition "Talk Dirty to Me" in the composition or sound recording, "Talk Dirty to Me," without the permission, consent, assignment or license from either McCarthy or DeVille.

60.     Defendants' infringing acts alleged herein were willful, deliberate and committed with prior notice and knowledge of DeVille and McCarthy's copyright.  At a minimum, Defendants acted in reckless disregard of DeVille and McCarthy's copyright.

61.     As a result of their actions, Defendants are liable to McCarthy for willful copyright infringement under 17 U.S.C. Section 501.  McCarthy suffered, and will continue to suffer, substantial damage to his professional reputation and goodwill, as well as losses in an amount not yet ascertained, but which will be determined according to proof.  In addition to McCarthy's actual damages, McCarthy is entitled to receive the profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. Section 504.  In the alternative, McCarthy is entitled to statutory damages pursuant to 17 U.S.C. Section 504(c), which should be enhanced by 17 U.S.C. Section 504(c)(2) because of Defendants' willful copyright infringement.

62.     McCarty does not have an adequate remedy at law for Defendants' wrongful conduct in that:  1) DeVille and McCarthy's copyright is unique and valuable property which has no readily determinable market value;  2) the infringement by Defendants constitutes an interference with McCarthy's goodwill and professional reputation; and 3) Defendants' wrongful conduct, and the damages resulting to McCarthy therefrom, are continuing.  Defendants' acts of copyright infringement have caused McCarthy irreparable injury, and Defendants threaten to continue to commit these acts.

63.     McCarthy is also entitled to recover his attorneys' fees and costs of suit under 17 U.S.C. Section 505.

**COUNT II**
**(VIOLATION OF THE LANHAM ACT -- AGAINST MICHAELS, DALL AND ROCKETT)**

64.     Plaintiffs repeat and reallege Paragraphs 1 through 51 as Paragraph 64 of Count II of the Complaint as though fully set forth herein.

65.     On information and belief, Poison copied and incorporated substantial, original portions of DeVille and McCarthy's song "Talk Dirty to Me" in Poison's musical composition and sound recording of "Talk Dirty to Me."

66.     There are no discernible differences between DeVille and McCarthy's song "Talk Dirty to Me" and Poison's "Talk Dirty to Me." If any modifications to DeVille and McCarthy's song "Talk Dirty to Me" have been made by Michaels, Dall and/or Rockett, they are insignificant and of no import.

67.     On information and belief, Michaels, Dall and Rockett do not have, nor have ever had, any assignment or license to copy, reproduce, perform and use the composition "Talk Dirty to Me" in Poison's musical composition of "Talk Dirty to Me."

68.     The album "Look What the Cat Dragged In," markets and promotes the song "Talk Dirty to Me" as being written by Dall, Michaels, Rockett and DeVille.

69.     As Michaels, Dall, and Rockett made no contribution to DeVille and McCarthy's musical composition of "Talk Dirty to Me," Michaels, Dall and Rockett are improperly representing that they are the writers of the song "Talk Dirty to Me."

70.     By improperly representing that they are the writers of the song "Talk Dirty to Me," Michaels, Dall and Rockett are likely to cause confusion, or to cause mistake or to deceive prospective purchasers or acquirers of Poison albums and CDs into believing that the song "Talk

Dirty to Me" originated with the band Poison, when, in fact, it did not. Instead, the song "Talk Dirty to Me" originated in Deville and McCarthy's joint creation.

71.    By reason of the foregoing, McCarthy hereby asserts a claim against Michaels, Dall and Rockett for violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a).

**COUNT III**
**(COPYRIGHT INFRINGEMENT AS TO "ROCK AIN'T PRETTY BUDDY" –**
**AGAINST ALL DEFENDANTS)**

72.    Plaintiffs repeat and reallege Paragraphs 1 through 51 as Paragraph 72 of Count III of the Complaint as though fully set forth herein.

73.    McCarthy is, and at all material times hereto has been, the owner of the copyright in the musical composition "Rock Ain't Pretty Buddy" and is entitled and authorized to protect his composition against copyright infringement, including the enforcement of copyright actions. McCarthy secured the exclusive right under 17 U.S.C. Section 106 to, among others, "reproduce the copyrighted work in copies or phonorecords," "to prepare derivative works based upon the copyrighted work," and to "perform the copyrighted work publicly."

74.    On information and belief, since at least 1986, Defendants infringed, and are continuing to infringe upon McCarthy's copyright in the composition "Rock Ain't Pretty Buddy" including by copying, reproducing, preparing, causing, contributing to, and participating in the unauthorized copying, reproduction, and use of the musical composition "Rock Ain't Pretty Buddy" in Poison's composition and sound recording of "I Won't Forget You" and causing the same to be publicly distributed in retail stores, on the internet, by digital download, through radio and television airplay, and otherwise, including in this District.

75.    McCarthy did not authorize Defendants to copy, reproduce, perform or use the composition "Rock Ain't Pretty Buddy" in Poison's composition or sound recording "I Won't

Forget You," or at all. Defendants did not seek or obtain any permission, consent or license from McCarthy for the copying, reproduction, performance of, or use of the composition "Rock Ain't Pretty Buddy" in the composition or sound recording of "I Won't Forget You," or in any uses thereof that were made or authorized by Defendants, or at all.

76.     Defendants' infringing acts alleged herein were willful, deliberate and committed with prior notice and knowledge of McCarthy's copyright. At a minimum, Defendants acted in reckless disregard of McCarthy's copyright.

77.     As a result of their actions, Defendants are liable to McCarthy for willful copyright infringement under 17 U.S.C. Section 501. McCarthy suffered, and will continue to suffer, substantial damage to his professional reputation and goodwill, as well as losses in an amount not yet ascertained, but which will be determined according to proof. In addition to McCarthy's actual damages, McCarthy is entitled to receive the profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. Section 504. In the alternative, McCarthy is entitled to statutory damages pursuant to 17 U.S.C. Section 504(c), which should be enhanced by 17 U.S.C. Section 504(c)(2) because of Defendants' willful copyright infringement.

78.     McCarthy does not have an adequate remedy at law for Defendants' wrongful conduct in that: 1) Plaintiff's copyright is unique and valuable property which has no readily determinable market value; 2) the infringement by Defendants constitutes an interference with McCarthy's goodwill and professional reputation; and 3) Defendants' wrongful conduct, and the damages resulting to McCarthy therefrom, are continuing. Defendants' acts of copyright infringement have caused McCarthy irreparable injury, and Defendants threaten to continue to commit these acts. McCarthy is entitled to injunctive relief under 17 U.S.C. Section 502 enjoining any use or exploitation by Defendants of their infringing composition and all sound

recordings of "I Won't Forget You" and an order under 17 U.S.C. Section 503 that any of Defendants' infringing products be impounded and destroyed.

79.     McCarthy is also entitled to recover his attorneys' fees and costs of suit under 17 U.S.C. Section 505.

**COUNT IV**
**(COPYRIGHT INFRINGEMENT OF KID ROCKER SONGS "HIT AND RUN" AND "WHAM BAM SLAMMIN' ROMANCE" – AGAINST ALL DEFENDANTS)**

80.     Plaintiffs repeat and reallege Paragraphs 1 through 51 as Paragraph 80 of Count IV of the Complaint.

81.     Plaintiffs are, and at all material times hereto have been, the owners of the copyrights in the Kid Rocker musical compositions "Hit and Run," and "Wham Bam Slammin' Romance" and are entitled and authorized to protect their compositions against copyright infringement, including the enforcement of copyright actions.  Plaintiffs secured the exclusive rights under 17 U.S.C. Section 106, among others, to "reproduce the copyrighted work[s] in copies or phonorecords," "to prepare derivative works based upon the copyrighted work[s]," and to "perform the copyrighted work[s] publicly."

82.     On information and belief, since at least 1988, Defendants infringed, and are continuing to infringe, upon Plaintiffs' copyrights in the Kid Rocker compositions "Hit and Run" and "Wham Bam Slammin' Romance" including by copying, reproducing, preparing, causing, contributing to, and participating in the unauthorized copying, reproduction, and use of the Kid Rocker musical compositions "Hit and Run" and "Wham Bam Slammin' Romance" in Poison's compositions and sound recordings of "Fallen Angel" and "Ride the Wind" and causing the same to be publicly distributed in retail stores, on the internet, by digital download, through radio and television airplay, and otherwise, including in this District.

83.    Plaintiffs did not authorize Defendants to copy, reproduce, perform or use the Kid Rocker compositions "Hit and Run" and "Wham Bam Slammin' Romance" in Poison's compositions or sound recordings of "Fallen Angel" and "Ride the Wind," or at all.  Defendants did not seek or obtain any permission, consent, or license from Plaintiffs for the copying, reproduction, performance of, or use of the Kid Rocker compositions "Hit and Run" and "Wham Bam Slammin' Romance" in the compositions or sound recordings of "Fallen Angel" or "Ride the Wind," or in any uses thereof that were made or authorized by Defendants, or at all.

84.    Defendants' infringing acts alleged herein were willful, deliberate and committed with prior notice and knowledge of Plaintiffs' copyrights.  At a minimum, Defendants acted in reckless disregard of Plaintiffs' copyrights.

85.    As a result of their actions, Defendants are liable to Plaintiffs for willful copyright infringement under 17 U.S.C. Section 501.  Plaintiffs suffered, and will continue to suffer, substantial damage to their professional reputations and goodwill, as well as losses in an amount not yet ascertained, but which will be determined according to proof.  In addition to Plaintiffs' actual damages, Plaintiffs are entitled to receive the profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. Section 504.  In the alternative, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. Section 504(c), which should be enhanced by 17 U.S.C. Section 504(c)(2) because of Defendants' willful copyright infringement.

86.    Plaintiffs do not have an adequate remedy at law for Defendants' wrongful conduct in that:  1) Plaintiffs' copyrights are unique and valuable property which have no readily determinable market value; 2) the infringement by Defendants constitutes an interference with Plaintiffs' goodwill and professional reputations; and 3) Defendants' wrongful conduct, and the damages resulting to Plaintiffs therefrom, are continuing.   Defendants' acts of copyright

infringement have caused Plaintiffs irreparable injury, and Defendants threaten to continue to commit these acts. Plaintiffs are entitled to injunctive relief under 17 U.S.C. Section 502 enjoining any use or exploitation by Defendants of their infringing compositions and all sound recordings of "Fallen Angel" and "Ride the Wind," and an order under 17 U.S.C. Section 503 that any of Defendants' infringing products be impounded and destroyed.

87.     Plaintiffs are also entitled to recover their attorneys' fees and costs of suit under 17 U.S.C. Section 505.

### COUNT V
### (CONSTRUCTIVE TRUST – AGAINST ALL DEFENDANTS)

88.     Plaintiffs repeat and reallege Paragraphs 1 through 87 as Paragraph 88 of Count V of the Complaint as though fully set forth herein.

89.     By virtue of their wrongful conduct, Defendants illegally received money and profits that rightfully belonged to Plaintiffs.

90.     Michaels, Dall and Rockett are therefore involuntary trustees, holding the gross receipts from the product sales and revenues to the extent attributable to "Talk Dirty to Me" and therefore attributable to the infringement of Deville McCarthy's copyright therein.

91.     Defendants are therefore involuntary trustees, holding the gross receipts from the product sales and revenues to the extent attributable to "I Won't Forget You," "Fallen Angel," and "Ride the Wind" and therefore attributable to the infringement of Plaintiffs' copyrights therein.

92.     Defendants hold the moneys and funds referenced in Paragraphs 88 through 91 above on behalf of and subject to a first and prior lien against all others and in favor of Plaintiffs. On information and belief, Defendants hold this illegally received money and profits in the form of bank accounts, real properties and personal property that can be located and traced.

93. McCarthy is entitled to the remedy of a constructive trust in view of Michaels, Dall and Rockett's wrongful infringement of McCarthy's copyright in "Talk Dirty to Me."

94. McCarthy is entitled to the remedy of a constructive trust in view of Defendants' wrongful infringement of McCarthy's copyright in "Rock Ain't Pretty Buddy."

95. Plaintiffs are entitled to the remedy of a constructive trust in view of Defendants' wrongful infringement of Plaintiffs' copyrights in "Hit and Run" and "Wham Bam Slammin' Romance."

**COUNT VI**
**(ACCOUNTING – AGAINST ALL DEFENDANTS)**

96. Plaintiffs repeat and reallege Paragraphs 1 through 87 as Paragraph 96 of Count VI of the Complaint as though fully set forth herein.

97. Under 15 U.S.C. Section 1117, McCarthy may recover any and all profits of Michaels, Dall and Rockett that are attributable to their intentional, willful and false designation of the origin, for their intentional, willful, false and misleading representations of the fact, and for their intentional, willful, false and misleading description that they are the writers of the song "Talk Dirty to Me."

98. Under 17 U.S.C. Section 504, Plaintiffs may recover any and all profits of Defendants that are attributable to their acts of infringement.

99. A balance is due from Michaels, Dall and Rockett, and each of them, to McCarthy for misappropriation of profits and gross receipts arising from or attributable to their copying, reproduction, performance and use of DeVille and McCarthy's composition "Talk Dirty to Me" in Poison's composition and sound recording of "Talk Dirty to Me."

100. A balance is due from Defendants, and each of them, to McCarthy for misappropriation of profits and gross receipts arising from or attributable to Defendants'

copying, reproduction, performance and use of McCarthy's composition "Rock Ain't Pretty Buddy" in the composition and sound recording of "I Won't Forget You."

101.   A balance is due from Defendants, and each of them, to Plaintiffs for misappropriation of profits and gross receipts arising from or attributable to Defendants' copying, reproduction, performance and use of Plaintiffs' compositions "Hit and Run," and "Wham Bam Slammin' Romance" in the compositions and sound recordings of "Fallen Angel" and "Ride the Wind."

102.   The exact amount of money due from Defendants is unknown to Plaintiffs and can only be ascertained through an accounting.  Plaintiffs seek an order from this Court directing Defendants to provide Plaintiffs with an accounting and payment of the amount due as a result of the accounting, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, BILLY McCARTHY (p/k/a BILLY DIOR) and JAMES STONICH (p/k/a JIMMY VAYNE), respectfully request judgment against Defendants, BRUCE ANTHONY JOHANNESSON (p/k/a C.C. DeVILLE), BRET MICHAEL SYCHAK (p/k/a BRET MICHAELS), ROBERT HARRY KUYKENDALL (p/k/a BOBBY DALL), RICHARD ALLAN REAM (p/k/a RIKKI ROCKETT) (collectively p/k/a the band "Poison"), SWEET CYANIDE MUSIC, INC., CAPITOL RECORDS, INC. and EMI MUSIC MARKETING, and each of them, jointly and severally, as follows:

1.   That the Court enter judgment against Defendants, Bret Michael Sychak (p/k/a Bret Michaels), Robert Harry Kuykendall (p/k/a Bobby Dall), and Richard Allan Ream (p/k/a Rikki Rockett), and each of them, that Defendants have:

    a.  infringed DeVille and McCarthy's rights in the copyright in the composition "Talk Dirty to Me" under 17 U.S.C. Section 501, and that the infringement by Defendants, and each of them, was willful;

    b.  falsely designated the origin, falsely represented the fact, and falsely described Defendants as writers of the musical composition "Talk Dirty to Me;" and

    c.  otherwise injured the business reputation and business of McCarthy through the acts and conduct set forth in this Complaint;

2.    That the Court enter judgment against Defendants, Bruce Anthony Johannesson (p/k/a C.C. DeVille), Bret Michaels Sychak (p/k/a Bret Michaels), Robert Harry Kuykendall (p/k/a Bobby Dall), Richard Allan Ream (p/k/a Rikki Rockett), Sweet Cyanide Music, Inc., Capitol Records, Inc. and EMI Music Marketing, and each of them, that Defendants have:

    a.  infringed McCarthy's rights in the copyright in the composition "Rock Ain't Pretty Buddy" under 17 U.S.C. Section 501, and that the infringement by Defendants, and each of them, was willful;

    b.  infringed Plaintiffs' rights in the copyright in the Kid Rocker compositions "Hit and Run" and "Wham Bam Slammin' Romance" under 17 U.S.C. Section 501, and that the infringement by Defendants, and each of them, was willful; and

    c.  otherwise injured the business reputations and business of Plaintiffs through the acts and conduct set forth in this Complaint;

3.    For the damages suffered by McCarthy as a result of the infringement complained of herein, as well as disgorgement of any profits of Defendants, Michaels, Dall and Rockett, attributable to their infringement and, including the value of all gains, profits, advantages,

benefits and consideration derived by Defendants from and as a result of their infringement of DeVille and McCarthy's copyright in "Talk Dirty to Me;"

4.      For the damages suffered by McCarthy as a result of the violation of the Lanham Act complained of herein, as well as disgorgement of any profits of Defendants, Michaels, Dall and Rockett, attributable to their violation of the Lanham Act, including the value of all gains, profits, advantages, benefits and consideration derived by Defendants from and as a result of their intentional, willful and false designation of the origin, for their intentional, willful, false and misleading representations of the fact, and for their intentional, willful, false and misleading description that they are the writers of the song "Talk Dirty to Me;"

5.      For the damages suffered by Plaintiffs as a result of the infringement complained of herein, as well as disgorgement of any profits of Defendants attributable to their infringement, including the value of all gains, profits, advantages, benefits and consideration derived by Defendants from and as a result of their infringement of Plaintiffs' copyrights in "Rock Ain't Pretty Buddy," "Hit and Run," and "Wham Bam Slammin' Romance," including in connection with the compositions and sound recordings of "I Won't Forget You," "Fallen Angel," and "Ride the Wind;"

6.      In the alternative, if Plaintiffs so elect, in lieu of recovery of their actual damages and Defendants' profits, for a 17 U.S.C. Section 504(c) award of statutory damages against Defendants, or any of them, for all copyright infringements (willful or otherwise) involved in this action as to each work in question;

7.      That Defendants, and each of them, and each of their respective officers, agents, and employees, and all persons acting in concert with them, be enjoined preliminarily, during the

pendency of this action, and permanently thereafter, from falsely marketing, advertising, and promoting the "Talk Dirty to Me" as a song written by Poison;

8.      That Defendants, and each of them, and each of their respective officers, agents, and employees, and all persons acting in concert with them, be enjoined preliminarily, during the pendency of this action, and permanently thereafter, from infringing the copyrights in "Rock Ain't Pretty Buddy," "Hit and Run," and "Wham Bam Slammin' Romance" in any manner and from distributing, selling, advertising, broadcasting, publishing or communicating, in the United States or elsewhere, any visual or sound recordings (including those identified in this Complaint), as well as any sheet music, commercials, or other merchandise or materials that contain or refer to all or part of the musical compositions  "Rock Ain't Pretty Buddy," "Hit and Run," and "Wham Bam Slammin' Romance," including the musical compositions and sound recordings of "I Won't Forget You," "Fallen Angel," and "Ride the Wind," absent prior consent and license from Plaintiffs;

9.      That the Court enters an order pursuant to 15 U.S.C. Sections 503 and 509 mandating the impounding of all infringing copies of "I Won't Forget You," "Fallen Angel," and "Ride the Wind" and any other materials prepared by Defendants containing any copies of the musical compositions "Rock Ain't Pretty Buddy," "Hit and Run," and "Wham Bam Slammin' Romance" or any portions thereof;

10.      That the Court declare, adjudge, and decree that Michaels, Dall and Rockett, and each of them, have been and are involuntary and constructive trustees, holding the gross receipts from the copying, reproduction, performance and use of "Talk Dirty to Me" to the extent attributable to "Talk Dirty to Me" or their misuse of the protectable interests of DeVille and McCarthy in "Talk Dirty to Me," and that Michaels, Dall and Rockett, and each of them, hold all

such monies and funds on behalf of and subject to the first and prior lien against all others and in favor of McCarthy;

11.     That the Court declare, adjudge, and decree that Defendants, and each of them, have been and are involuntary and constructive trustees, holding the gross receipts from the aforesaid production, broadcast, distribution, sale or other exploitation of "I Won't Forget You," "Fallen Angel," or "Ride the Wind," to the extent attributable to "Rock Ain't Pretty Buddy," "Hit and Run," and "Wham Bam Slammin' Romance" or Defendants' misuse of the protectable interests of Plaintiffs in "Rock Ain't Pretty Buddy," "Hit and Run," and "Wham Bam Slammin' Romance," and that Defendants, and each of them, hold all such monies and funds on behalf of and subject to the first and prior lien against all others and in favor of Plaintiffs;

12.     That Michaels, Dall and Rockett, and each of them, be required to account for and pay over to McCarthy all gains and profits derived from them, and each of them, from or attributable to the copying, reproduction, performance, or use of "Talk Dirty to Me," or any other uses of all or part of this song, made or authorized by Michaels, Dall and Rockett, or any of them, in any format, media, or market, in connection with the composition and sound recording of "Talk Dirty to Me;"

13.     That Defendants, and each of them, be required to account for and pay over to Plaintiffs all gains and profits derived by Defendants, and each of them, from or attributable to production, broadcasting, licensing, distribution, sale or other exploitation of "Rock Ain't Pretty Buddy," "Fallen Angel," or "Wham Bam Slammin' Romance," or any other uses of all or part of these songs, made or authorized by Defendants, or any of them, in any format, media or market, in connection with the compositions and all sound recordings of "I Won't Forget You," "Fallen Angel," or "Ride the Wind;"

14.     For reasonable attorneys' fees and costs of suit incurred herein; and

15.     For such other and further relief in favor of Plaintiffs as the Court deems just and

proper.

Respectfully submitted,

**BILLY      McCARTHY      (p/k/a**
**BILLY DIOR) and**
**JAMES STONICH (p/k/a JIMMY**
**VAYNE),**
Plaintiffs

By:  /s/ Daniel J. Voelker
            One of Their Attorneys

Daniel J. Voelker, Esq.
VOELKER LITIGATION GROUP
311 W. Superior Street, Suite 500
Chicago, Illinois 60654
T:  (312) 870-5430
F:  (312) 870-5431
C:  (312) 254-7666
dvoelker@voelkerlitigationgroup.com
www.voelkerlitigationgroup.com
ARDC No. 6189578

Dated:  October 19, 2011